We'll hear the final case on the calendar, Cain v. Atelier Esthetique. Good morning. May it please the Court, my name is Josh Seifert. I'm the pro bono counsel for the plaintiff Eileen Cain. I was appointed to brief whether a vocational school student has a trade for purposes of defamation per se, which I'll be arguing today. Ms. Cain, I would also note, submitted briefs appealing some other issues related to the verdict, and those arguments are stated in her briefs. So the defamation claim in this case relates to at least two statements made by an administrator at the vocational school regarding Ms. Cain that charged her with violent and unstable conduct. The district court dismissed the claims on summary judgment, holding as a matter of law that a student does not have a trade for purposes of defamation per se. As a result, the district court did not reach any other issues related to the defamation claim or the elements. I take it your argument is not that a student necessarily has a trade, etc., but rather that a student can qualify in some circumstances where here, for example, it's a trade school, and there's some evidence that the plaintiff had previously been engaged in that profession, etc., etc. I take it you're not making a categorical argument that students are per se engaged in a trade, is that correct? Correct. I don't think that students itself is the trade in that sense, but it would be if – well, I'll step back from that a little bit because some of the case law does suggest that a student who is defamed, to the extent that that defamation affects their livelihood or earning potential, that they would be defamed per se. But in this case, I don't think we need to go that far. We can limit it to students in trade schools or vocational schools and the like where they actually do have a chosen trade and they are in the act of pursuing it when the defamatory statements are made. And I think drawing that distinction, if you look at the purpose of it, again, it is to protect livelihoods. Let me just follow up. I take it if we agreed with you that there's no categorical prohibition on a student qualifying as engaging in a trade, I take it your position is that Judge Francis basically took that position. We would vacate and remand and should leave. Or do you think we should reach the question of whether Ms. Cain here qualifies or basically that sort of factual analysis and evaluation of the facts and circumstances, I presume we would leave for remand. Is that – Correct. I think that there are no federal claims left in her case, assuming we affirmed on all the other issues. Is that correct? I believe so, yes. Assuming that you affirmed on those, yes, I believe so. But, yes, I think that the argument or the purpose of this category is it's necessarily fact-intensive question. It can't be just categorical. It's a student just by virtue of being a student not actually having a professional license yet is barred from bringing a defamation per se claim. And that's what the district court, though, said. He said by virtue of being a student and not actually having graduated yet, she effectively does not have a trade and, therefore, there's no claim at all. Well, the theory behind the concept of defamation per se is there's a presumption of damages if it affects your trade, business, or profession. Does that presumption make sense in the circumstances here when the plaintiff was in school for only a week? There was nothing to suggest she had a concrete job offer. This was a 16-week course. Well, the cases that do... Your Lords, even if we agree with you that it's not a categorical prohibition, on the record here, is there any way the presumption should apply or still apply? Well, I think the presumption is the limitations off goes to attenuation, right? How attenuated is the claim from their standing as a professional? You see that in, I think, the TC case where the court said, well, if it's a high school student who might ultimately become a military officer eight or nine years down the road, that's too attenuated. Here, it's much more limited. It's a 16-week program. She had enrolled in this vocational program specifically to pursue this trade. It was only 16 weeks long. I think she completed a week and a half. But also, I think by virtue of being in that school, she was engaged with professionals in that industry. The classes, they immediately start performing services for clients. The administrators and a lot of their professors are ultimately the people that they end up working for in the immediate future. So it's not as attenuated as you might see, and as a result, I think it should. The facts here would suggest that it would be a sufficient part of the claim. Is there any evidence that she was engaged in that trade or profession prior to enrolling in the school, or is it just the week or week and a half that she was in it that forms the basis of the argument? I'm not sure if she had been engaged in it prior to this time. All right. And this was also a bench trial, right? Correct. So it's not the evidence, whatever evidence there was, was presented? Well, that's not actually true. It was a bench trial, yes, but this specific claim was dismissed on summary judgment. Okay. If there's nothing further, I'll take the rest of my time for rebuttal. Okay. Let's hear from the other side. Good morning, Your Honors. May it please the Court. My name is Nicole Fader, and I represent Atelier Aesthetique Institute of Aesthetics. You're not arguing that there's a categorical prohibition on students qualifying as engaged in a trade profession, et cetera, are you? I am not, Your Honor. And I think actually Your Honor hit the nail on the head when you talked about whether there was evidence that she had been engaged in the trade at the time. Prior to Ms. King's . . . But didn't Judge Francis rest on that? In other words, he concluded that categorically a student cannot bring a per se defamation claim because they're not engaged in a trade or profession that's too attenuated? That is what . . . In the facts and circumstances here, it is too attenuated or not too attenuated? He did make a statement that it was too attenuated, but I think this case is very fact specific, which is why he was able to make the finding in this case. Ms. King, as you correctly noted, attended Atelier for five days. Prior to attending Atelier, she had attended two prior trade schools where she had been discharged for behavioral issues and for a completely different trade. She was going for a surgical technician license. She had no other . . . Both of those prior trade schools was for that, or were they different? Correct. Both prior trade schools had been for a surgical technician license, Your Honor. And in fact, the second of those trade schools was Mandel College of Allied Health, who she also sued. And Your Honor was part of the panel that denied her in form of papyrus appeal and saying that there was no basis in law or fact for her appeal of the dismissal of her claim against Mandel. The facts of this case demonstrate that she had not embarked on any actual trade at the time of her discharge. Further, if the policy behind the doctrine of a libel per se is to discourage statements that might damage one's financial livelihood, then the defamation at issue in this case does not satisfy the purpose. But that's not the basis for Judge Francis' decision, correct? That's a different argument. Correct. All right. Let me ask you a hypothetical. If a law student is involved in a clinic and somebody makes a defamatory statement concerning the law student's conduct in that clinic, is that person . . . Does that plaintiff qualify as engaged in a trade profession or business? In other words, still a student, but engaged in a quasi-practice of law through the form of the clinic, but that's part of the law school. Under that case, I guess it would go with what the defamatory statements are. Well, I'm assuming . . . I'm asking you to assume the rest of the requirements for defamation are met. In other words, it's false. It would tend to injure them in that profession or trade or business, assuming it is one. But, it's just the issue that Judge Francis rested on. My question is, in that circumstance, would the plaintiff be engaged in a trade, business, or profession? Or, more to the point, would the evidence be sufficient for a jury to rule that he was? Based on the facts that you've presented, I think there could be an argument that they were engaged in a trade, because they were involved in a clinic. In this case, Ms. Cain hadn't even gotten that far. But, how is this different? It's a vocational school. But, she hadn't even gotten to the point of even, you know, having any type of clinic. You're right. It is a vocational school. But, is it by virtue of her admission into the school that she is automatically enrolled and she can automatically assume a claim of defamation per se? You know, five days does not lend itself to a bright line argument. All right. So, let's say that the defamation occurred in week 16. So, at the very end of her vocational training. Does she qualify then? I think then certainly there might be more of an argument that she might. But, she still is not actually embarking on a trade at that point in time. She's not out in the world and earning money, which is the point of the defamation per se standard. Is that they're actually embarking. They're in the world. They're earning money. They're doing something to further their trade. Right now, she's still in school. Getting back to the argument that I would like to make before is that the financial livelihood in this case is that the allegedly defamatory statements occurred and did not actually affect her discharge from the school. Her discharge from the school, as evidenced by the facts that were submitted at trial, as well as in summary judgment, is that she was discharged because of her conduct in her two meetings with Atelier's director. She was aggressive, threatening. She was irate. In fact, during cross-examination by Ms. Cain, she asked whether I put my hands in your face. And he testified, you didn't get your hands in my face, but you put your face in my face. During the course of one of their meetings, she closed the personal space between the two of them. That was the basis for her discharge, not because of any allegedly defamatory statements. And in fact, the two agencies to whom the allegedly defamatory statements had been made continued to work with Ms. Cain even after the statements had been made. So the fact that the statements were made didn't affect her financial livelihood. If the court determines that a vocational student does have a claim for defamation per se, then contrary to the arguments advanced by Ms. Cain's appointed counsel, a remand is not necessary. Atelier did assert truth as a defense as a matter of law. And while there was no finding by Judge Francis on the summary judgment motion with regard to that, the facts and the evidence that was presented at the time of trial would be the same facts and evidence that would be presented with respect to this defense. But normally the court of appeals would leave that to the district court to consider on remand if it wasn't addressed in the first instance, no? Well, I don't think in this case it's necessary because the facts are already there. The facts that underline the statement of truth were fully presented, which was that Mr. Rochester, who was the school director, saw her talking angrily, responding angrily when no one was there. The teacher stated that she was talking to herself, talking to the wall, acting agitated, talking in an angrily manner when no one else was around. And the statements that were made by Mr. Rochester was that she was acting threatening, she was angry, and that she appeared to be hallucinating. Those statements were fully supported by the testimony that was already elicited. To remand on that basis, the evidence is already there. A remand is not necessary. It would be a waste of judicial resources to present the same exact evidence that had already been presented. And, in fact, in Magistrate Francis's decision Would the evidence be any different if there had been a defamation claim considered at the trial? No, I don't think it would, Your Honor. There might have been- Or a remand for trial on the defamation claim. Would the evidence be any different? There might be additional evidence that possibly could have been presented, but I think the facts that were presented sufficiently support that there was no claim of defamation and support that Atelier had an absolute defense of truth. Because Magistrate Judge Francis found in his decision that the observations of Mr. Rochester, the school director, were consistent with the records from International Center for the Disabled, which was one of the organizations that had provided Ms. Cain with mental health treatment. They found that she had auditory hallucinations. Other records which had been presented at the time of trial were records from Brooklyn Center of Psychotherapy, which indicated that she had suffered from paranoid ideations. That evidence would be the same evidence that Atelier would present to support its defense of absolute truth. Okay. If Your Honor has no further questions, thank you very much, Your Honors. Thank you. We'll hear the rebuttal. Just a couple things. Regarding- I'm sorry. Yeah. Even if we were to conclude that there was a problem in the dismissal of the defamation claim and remanded that for trial, would that- would the evidence be any different from your perspective? I believe it would, Your Honor. I mean, the specific statements were- I don't think that they were part of the adjudication of the discrimination claim, and so we would have to look at the veracity of those specific statements. Well, to resolve the discrimination claim, you have to look at why she was discharged and wouldn't the reasons be the same? They may be, Your Honor, but I think we just don't know because of the dismissal. I understand your question. I'm sorry. And then, as far as one of the questions Judge Furman asked earlier, Vilae v. Willick is the law school student case. That's a West Virginia case where they did find that a law school student did have or could be defamed per se. I think one final point is just regarding her medical history. Just because she had- there were diagnoses in the past about her medical history does not necessarily determine whether or not she was behaving in a certain way and whether or not the statements in the future were actually true. Can you- maybe this is what you were getting at, and I don't know if this is what Judge Chin was getting at, but normally, we might leave things for the district court on remand, but here, let's say we agree with you, given the result at trial, is there any evidence that would support a determination that these statements were not true? I would have to- I'm not sure. I'd have to look back at the trial record for that. We could provide a supplemental letter or something on that. It's always been my practice to let the pro bono attorney know that the court really appreciates your efforts, and so whatever the result may be in this case, you've done a very nice job in raising an issue that was proved to be very interesting, but I applaud your efforts. Thank you. And your briefing was excellent. Thank you. Thank you, Your Honor. Thank you. We'll reserve decision. That completes the calendar for today. I will ask the clerk to adjourn. Court is adjourned.